

John Werner
Associate
john@adelmanmatz.com
(646) 650-2207

May 28, 2024
**VIA ECF**
Hon. Jennifer L. Rochon
United States District Judge
500 Pearl Street, Room 1920
New York, New York 10007

    Re:    *Idle Media, Inc. et al v. Create Music Group, Inc. et al* (Case No. 1:24-cv-00805)

Hon. Judge Rochon:

    We are counsel for Idle Media, Inc. and The Dispensary, LLC ("Plaintiffs") in the above action. We write pursuant to Rule 2(E) of Your Honor's Individual Practices in opposition to Kyle Reilly's ("Reilly") four page letter motion to stay discovery [Dckt. No. 46] (the "Stay Motion").

    Contrary to Reilly's contention, in this District, "[a] motion to dismiss does not automatically stay discovery[.]" *Hong Leong Finance Limited (Singapore) v. Pinnacle Performance Ltd.*, 297 F.R.D. 69, 72 (S.D.N.Y. 2013). "[D]iscovery should not be routinely stayed simply on the basis that a motion to dismiss has been filed." *Id.*, quoting *Moran v. Flaherty*, 1992 WL 276913, at *1 (S.D.N.Y. 1992). The court may only grant a motion to stay discovery pending decision on a motion to dismiss only upon a showing of "good cause", which movant bears the burden of showing. *See* Fed. R. Civ. P. 16(b)(4) (discovery schedule "may be modified only for good cause and with the judge's consent"); Fed. R. Civ. P. 26(c)-(d); *Association Fe Y Allegria v. Republic of Ecuador*, 1999 WL 147716, at *1 (S.D.N.Y. 1999). "Courts consider: '(1) [the] breadth of discovery sought, (2) any prejudice that would result, and (3) the strength of the motion.'" *Hong Leong* at 72 *quoting Brooks v. Macy's Inc.*, 2010 WL 5297756, at *2 (S.D.N.Y. 2010).

    In considering the strength of the motion to dismiss, the court applies the standard whether it presents "substantial grounds for dismissal," or the alternative, a "strong showing that [the party moving for the stay] is likely to succeed on the merits." *Leong*, 297 at 72 *quoting U.S. S.E.C. v. Citigroup Global Mkts.*, Inc., 673 F.3d 158, 162-63 (2d Cir. 2012) (internal citations omitted). Reilly's Stay Motion falls short of this burden, and Plaintiffs have strong grounds for opposition, which disfavors a stay. *See Guiffre v. Maxwell*, 2016 WL 254932, at *2 (S.D.N.Y. 2016)

    As noted in Plaintiffs' opposition to Create Music Group Inc.'s ("CMG") motion to dismiss the Fist Amended Complaint (the "FAC") (the "CMG Opp"), which will be further expanded upon in Plaintiffs' forthcoming opposition to Reilly's motion to dismiss, Plaintiffs have alleged facts that demonstrate that Reilly is subject to the personal jurisdiction and venue in this Court. It is well settled that "[a] non-party to a contract may be subject to its forum selection clause if the non-party is so 'closely related' to either the parties to the contract or the contract dispute itself that

**Adelman Matz P.C.**
Phone: (646) 650-2207 • Fax: (646) 650-2108

Mailing:
1159 Second Avenue, Suite 153
New York, New York 10065

Office:
800 3rd avenue, 25th floor
New York, New York 10022

enforcement of the clause against the non-party is foreseeable." *Recurrent Capital Bridge Fund I, LLC v ISR Sys. and Sensors Corp.*, 875 F Supp 2d 297, 307-311 (S.D.N.Y. 2012) (court had jurisdiction over non-signatory where he was one of the few officers in a company and had extensive knowledge and participation financing efforts and subscription agreement with company that arose out of those efforts, as such he was bound by the subscription agreement's forum selection clause); *Diamond v Calaway*, 2018 WL 4906256, at *5 (S.D.N.Y. 2018) (Non-signatory defendant allowing her bank account to be used to perpetuate fraud was closely related so as to be subject to forum selection clause.). It is undisputed that both the alleged Agreement and CMG's website terms of service that govern its provisioning of its services and disputes arising thereunder contain exclusive jurisdiction clauses.   FAC ¶¶6, 82; [Dckt. No 50-1].  Reilly was an Executive Vice President of Idle, was one of a small number of executives and was aware of the exclusive jurisdiction clauses in the Agreement and the similar provision in CMG's terms of service.  FAC ¶¶6, 10, 20, 35.  Reilly was responsible for the Dispensary Project and is the individual who helped arrange to provide the Dispensary Content to CMG, as an employee of Idle.  FAC ¶¶35-38. As in the foregoing cases, Reilly is subject to jurisdiction here based upon the exclusive forum selection clauses.  Reilly was an executive of Idle who worked extensively on the project for Idle that is the subject of the underlying dispute, while knowing about the exclusive jurisdiction clauses.  As such he was aware that it was foreseeable that if a dispute arose, he would be subject to them.  Even under Reilly and CMG's theory of their defense, which Plaintiffs sharply dispute, Reilly would be subject to the jurisdiction of this Court.  Reilly's contention is that he is "the exclusive owner of the… 'Dispensary Content'" (CMG and Reilly Position [Dckt. No 32-1]) and that Reilly is distributing the content through CMG.  Regardless of whether that is true, which it is not, and regardless of whether Reilly is using the CMG services with authority, which he is not--**Reilly claims he is using the CMG services**, which means that he is subject to the terms on CMG's website which "governs the relationship between [CMG]…and the users of its services".  [Dckt. Nos. 32-1; 50-1]. That means that he is subject to the terms of service that provides that "disputes arising from or related to this Agreement will be submitted to" this Court.  [Dckt. No 50-1].

For similar reasons as set forth in the CMG Opp these forum selection clauses are valid and enforceable as Reilly knew about them, they are mandatory, and the claims and parties are subject to them as these are disputes that "arise from or are related to" the relevant agreements and Reilly has made no showing that they are unreasonable. *See* CMG Opp. Pp. 4-9; FAC ¶10.  Reilly failed to address this issue at all in his moving papers, and is precluded from doing so on reply. *See Michael Bandler, MB & Co. Ltd. v BPCM NYC, Ltd.*, 631 Fed. App'x 71, 71-72 (2d Cir. 2016) (parties are not permitted to make new argument for the first time on reply that they should have made with their moving papers).   Reilly's motion to transfer venue will also not succeed as it was waived and Reilly has not shown that any of the factors weigh in favor of a transfer.  *See* CMG Opp. Pp. 9-17.  Reilly's other arguments regarding pre-emption will fail for the same reasons set forth in the CMG Opp.  *See* CMG Opp. Pp. 23-24; *see also Ulloa v Universal Music and Video Distrib. Corp.*, 303 F.Supp.2d 409, 419 (S.D.N.Y. 2004)(Quasi-contract claim not precluded if the plaintiff "licensed [his] copyrights to Defendants."); *eScholar, LLC v Otis Educ. Sys., Inc.*, 387 F.Supp,2d 329, 333 (S.D.N.Y. 2005)(Breach of contract claim to enforce rights to audit books and receive royalty fees was not preempted). Similarly, Reilly's claims regarding failure to plead ownership of specific works are inapposite as (thus far) this is not a copyright infringement case and Plaintiffs' FAC pleads sufficient factual matter to make its claims plausible. Also, unlike *Integrated Sys. and Power, Inc. v Honeywell Intern., Inc.*, 2009-2 Trade Cases P 76750 (S.D.N.Y. 2009), Plaintiff has shown substantial grounds for opposition.  At the very least, as set forth above the issues raised by the Motion to Dismiss are not 'clear cut', which weighs against finding good

cause. *See Guiffre* 2016 WL 254932, at *2 ("With strong arguments on both sides, Defendant's argument does not rise to a level of the requisite 'strong showing' that Plaintiff's claim is unmeritorious."). Should the Court be in any doubt as to this factor it should hold its decision on the Stay Motion in abeyance pending the filing of Plaintiffs' opposition on June 14, 2024. Since discovery has not yet been served, even if served shortly, responses would not be due prior to the June 14, 2024 filing of Plaintiffs' opposition for the Court's consideration.

Reilly has made no showing that discovery is too broad and has done nothing but assert meritless conclusions that he will be burdened by it. The alleged "two years" of financial records, all of which must be available electronically given the time frame of this relationship, are not burdensome. *Integrated Sys.*, is inapposite, as at least six years of records from a publicly traded company were sought, which was extremely voluminous and complex. Records from Reilly, an individual, are not even comparable. In *Alapaha View Ltd. v Prodigy Network, LLC*, 2021 WL 1893316, at *2 (S.D.N.Y. 2021), discovery was stayed where claims were brought on behalf of 26 different parties. Similarly, discovery was stayed in *Spencer Trask Software and Info. Services, LLC v RPost Intern. Ltd.*, 206 FRD 367, 368 (S.D.N.Y. 2002) where there were "substantial arguments for dismissal of many, if not all, of the claims asserted in this lawsuit[.]" While Reilly uses the strongly worded quote from *Avnet, Inc. v Am. Motorists Ins. Co.*, 115 FRD 588, 592 (S.D.N.Y. 1987) that "discovery rules are not a hunting license to conjure up a claim that does not exist[,]" he fails to mention that discovery was stayed in *Avnet* because the complaint was considered unwieldly and the relevant cause of action behind the discovery requests had been dismissed, which is not the case here. Reilly's other argument, that dismissal would narrow down the issues in this case is incorrect. Plaintiffs pled alternative causes of action, which will all involve an accounting of funds that should have been paid to Plaintiffs. *Samuels v Eleonora Beheer, B. V.*, 500 F Supp 1357, 1359 (S.D.N.Y. 1980) is not applicable, as that case sought additional discovery to be held during the summary judgment phase. Most importantly, even if he is dismissed from this action, Reilly will be subject to discovery via subpoena. *Cambridge Capital LLC v Ruby Has LLC*, 2021 WL 2413320, at *3 (S.D.N.Y. 2021) (Denying motion to stay when discovery would have regardless occurred even with dismissal.). There is no reason to stay discovery.

Reilly has failed to show that he would suffer any prejudice in commencing discovery, but Plaintiffs, on the other hand, would be prejudiced by a stay. Indeed, "[t]he potential fading memories of witnesses who were part of the historical relationship between the parties weighs against a stay." *RBG Mgt. Corp. v Vil. Super Mkt., Inc.*, 2023 WL 1996920, at *2 (S.D.N.Y. 2023). Additionally, Plaintiffs believe that Reilly is dissipating the assets and may be trying to become judgment proof, which is a form of irreparable harm. *See Miss Am. Org. v Mattel, Inc.*, 945 F2d 536, 546 (2d Cir 1991) (A party that may go bankrupt if there is a money judgment warrants a finding of irreparable harm). *Integrated Sys.*, is inapposite here as the stay could be many months, as the parties do not know when the Court will rule. Moreover, that Reilly produced 38 pages of documents with his initial disclosures is irrelevant, as it does not cover the accounting documents that would be sought in discovery. Indeed Plaintiffs offered to stipulate to a stay if the accounting documents were provided and if Reilly agreed to put the funds at issue in escrow, which was refused. Even if this Court finds that Plaintiffs would not be prejudiced, "[a] lack of prejudice alone, however, is not reason enough to stay discovery." *Bennett v Cuomo*, 2023 WL 2021560, at *5 (S.D.N.Y. 2023). Accordingly, the motion to stay should be denied.

We greatly appreciate the Court's time and consideration, and should the Court need any additional information we are available at the Court's convenience.

MAY 28, 2024
PAGE 4 OF 4

Respectfully Submitted,

ADELMAN MATZ P.C.

*John Werner*

John Werner, Esq.

The request to stay discovery is DENIED.  Upon a showing of good cause, a district court has considerable discretion to stay discovery under Fed. R. Civ. P. 26(c).  *Republic of Turkey v. Christie's, Inc.*, 316 F. Supp. 3d 675, 677 (S.D.N.Y. 2018).  In evaluating good cause, courts will consider: (1) the breadth of discovery sought (and the burden of responding to it), (2) the strength of the underlying motion, and (3) the risk of prejudice to the party opposing the stay.  H*ong Leong Fin. Ltd. (Singapore) v. Pinnacle Performance Ltd.*, 297 F.R.D. 69, 72 (S.D.N.Y. 2013).

As to the first factor, whether the "breadth" or "burden" of discovery in this case merits a stay, Defendant Reilly argues only that he would be burdened by discovery of "highly confidential and burdensome financial records from Reilly for a period of at least two years."  ECF No. 46 at 3 (emphasis omitted).  Yet Reilly does not explain why producing these records, available electronically, would prove burdensome.  The cases cited by Reilly are distinguishable for the reasons stated by Plaintiff.  *See* ECF No. 53 at 3.  In any event, Plaintiffs will likely be entitled to discovery from Reilly by third-party subpoena should the motion to dismiss be granted.  *See Cambridge Cap. LLC v. Ruby Has LLC*, No. 20-cv-11118 (LJL), 2021 WL 2413320, at *3 (S.D.N.Y. June 10, 2021) (denying motion for stay where defendant concedes that counterclaims will require discovery even if the complaint is dismissed); *Sanders v. Sheppard*, No. 16-cv-06526 (CBA) (SJB), 2019 WL 1574952, at *2 (E.D.N.Y. Mar. 11, 2019) (Even assuming the moving defendants are dismissed, it is likely that the plaintiffs will continue to conduct discovery regarding these defendants as non-parties. . . .  [T]he absence of a stay would not create an undue burden on the moving defendants." (brackets and citation omitted)).  This first factor, therefore, weighs against a stay of discovery.

Reilly also has not demonstrated that his motion is supported by "substantial arguments for dismissal . . . or – in what we view as an equivalent formulation – that there has been a strong showing that the plaintiff's claim is unmeritorious."  *Hong Leong*, 297 F.R.D. at 72 (citations and quotation marks omitted).  Without prejudging the outcome of Reilly's motion to dismiss, especially since it has not been fully briefed, Plaintiffs argue that Reilly is subject to the forum-selection clauses under both the alleged agreement and the terms of service on CMG's website.  ECF No. 53 at 2.  "With strong arguments on both sides, Defendant's argument does not rise to a level of the requisite 'strong showing' that Plaintiff's claim is unmeritorious."  *Guiffre v. Maxwell,* No. 15-cv-07433 (RWS), 2016 WL 254932, at *2 (S.D.N.Y. Jan. 20, 2016).  Therefore, this factor weighs against a stay of discovery.

Finally, Reilly has not shown a lack of prejudice to Plaintiffs.  *Mirra v. Jordan*, No. 15-cv-04100 (AT) (KNF), 2016 WL 889559, at *3 (S.D.N.Y. Mar. 1, 2016) (declining to stay case when then moving party had "failed to establish that no risk of unfair prejudice to the [non-moving party] exists").  As plaintiffs note, the accounting documents requested could shed light on whether Reilly is intentionally trying to dissipate the assets in question.  Meanwhile, Reilly's argument that a stay would only briefly delay discovery "proves too much" because, "[i]f accepted, it would preclude a finding of prejudice in every case in which the moving party asks for a stay pending the resolution of its motion."  *Bensmaine v. City of New York*, No. 21-cv-04816 (LJL), 2022 WL 3362188, at *2 (S.D.N.Y. Aug. 15, 2022).  And "[g]ood cause not otherwise having been shown, lack of prejudice does not justify a stay."  *Maxwell*, 2016 WL 254932, at *2.

Given all of these considerations, the Court denies Reilly's letter-motion for a stay of discovery pending its ruling on the motion to dismiss.

SO ORDERED.

Dated:  June 11, 2024
       New York, New York        *Jennifer Rochon*
                                 **JENNIFER L. ROCHON**
                                 **United States District Judge**