

**John Werner**
Associate
john@adelmanmatz.com
(646) 650-2207

September 20, 2024

**VIA ECF**

Hon. Jennifer L. Rochon
Daniel Patrick Moynihan
United States Courthouse
500 Pearl St.
Courtroom 20B
New York, NY 10007

      Re:    *Idle Media, Inc. et al v. Create Music Group, Inc. et al*
             Case No. 1:24-cv-00805-JLR

Hon. Judge Rochon:

      We are counsel for plaintiffs, Idle Media, Inc. and The Dispensary LLC (collectively "Plaintiffs") in the above-referenced action. We write pursuant to Rule 3 of Your Honor's Individual Rules and Practices in Civil *pro se* Cases, Rule 2(E) of Your Honor's Individual Practices, and Local Civil Rule 37.2 to request a pre-motion Discovery Conference to address defendant Kyle Reilly's ("Reilly") failure to respond to Plaintiff's First Set of Interrogatories to Defendant Kyle Reilly and Plaintiffs' First Demand For Production of Documents and Things to Defendant Kyle Reilly ("Plaintiffs' Initial Demands") as well as Plaintiffs' Second Demand for Production of Documents and Things to Defendant Kyle Reilly ("Plaintiffs' Second Demands") (collectively "Plaintiffs' Demands").[1]

      On August 23, 2024, at the request of Max Fabricant, Reilly's prior counsel, Plaintiffs agreed to extend Reilly's time to respond to Plaintiffs' Initial Demands until August 26, 2024, which coincided with his deadline to obtain counsel [Dkt. No. 69]. Additionally, Plaintiffs' Second Demands were due on September 12, 2024. Since then, responses and participation from Reilly have been virtually non-existent. Reilly has not provided written responses to Plaintiffs' Demands, documents in response to Plaintiffs' Demands, nor has he responded to the majority of Plaintiffs' counsel's communications. *See* Exhibits A-B.[2]

---

[1] There may also be discovery issues that need to be addressed with defendant Create Music Group, Inc. ("CMG"). Plaintiffs met and conferred with CMG on September 19, 2024, and anticipates writing to the Court regarding any outstanding issues that the parties are not able to resolve.

[2] Reilly previously only correspond one time with Plaintiffs' counsel, when he was granted a two (2) day extension for Plaintiff to serve responses to his demands on August 7, 2024, which he then withdrew later that night.

**Adelman Matz P.C.**
Phone: (646) 650-2207 • Fax: (646) 650-2108

Mailing:
1173A Second Avenue, Suite 153
New York, New York 10065

Office:
780 Third Avenue, 14th Floor
New York, New York 10017

On September 11, 2024 Plaintiffs' counsel attempted to reach Reilly by phone to meet and confer and left a voice message in Reilly's mailbox. Reilly did not respond to our phone call or another follow-up sent on September 11, 2024. *See* Exhibit A. On September 19, 2024, Plaintiffs' counsel again attempted to reach Reilly by phone to meet and confer and sent a follow-up email. Mr. Reilly responded stating he "planned on responding" but needed additional time because of a vague allegation that there are "restrictions [our] client Mr Frasier has put into place in limiting all of [his] access to previous communications". Mr. Reilly did not offer any times to meet and confer, nor did his response address that he would or when he would be producing documents in his possession, custody and control. *See* Exhibit A. Plaintiffs have not received written responses or any production from Reilly despite our good faith efforts to meet and confer with Reilly. Our multiple attempts to meet and confer with Reilly, including our attempts to speak with him on the telephone, complies with Rule 2(E) of Your Honor's Individual Practices.

Pursuant to Rule 26(b)(1) of the Federal Rules of Civil Procedure, "Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case." "Rule 26 gives a district court 'broad discretion' [...] to impose limitations or conditions on discovery, [...] which extends to granting or denying motions to compel or for protective orders on 'just terms.'" *Coty Inc. v. Cosmopolitan Cosmetics, Inc.*, 2020 WL 3317204, at *1 (S.D.N.Y. 2020) (*quoting Capstone Logistics Holdings, Inc. v. Navarrete*, 2018 WL 6786237, at *8 (S.D.N.Y. 2018)). Likewise, "[m]otions to compel, pursuant to Rule 37, are left to the sound discretion of the court." *Christine Asia Co., Ltd. v. Alibaba Grp. Holding Ltd.*, 327 F.R.D. 52, 54 (S.D.N.Y. 2018). Parties may "move to compel disclosure and for appropriate sanctions" in the event that another party fails to comply with its discovery obligations. *Klein v Torrey Point Group, LLC*, 979 F Supp 2d 417, 440 (S.D.N.Y. 2013) (*citing* Fed.R.Civ.P. 37(a)(3)(A)). "A district court has broad latitude to determine the scope of discovery and to manage the discovery process." *EM Ltd. v. Rep. of Arg.*, 695 F.3d 201, 207 (2d Cir. 2012).

Plaintiffs' Demands seek, among other things, Reilly's financial records, which are directly pertinent to Plaintiffs' claims for damages and the pending Motion for Attachment, as well as documents and communications that are essential for establishing key dates, when Reilly was able to use CMG's software, documents and communications with third parties, and Reilly's current financial position and the chronology of Defendants' actions, which are also relevant to Plaintiffs' claims and the pending Motion for Attachment.

Under Rule 37 of the Federal Rules of Civil Procedure, a party may move for an order compelling discovery when another party fails to respond to discovery requests. It is well-established that a party's failure to produce relevant information can warrant sanctions, including the imposition of an order compelling discovery. *See Cine Forty-Second St. Theatre Corp. v. Allied Artists Pictures Corp.*, 602 F.2d 1062, 1068 (2d Cir. 1979) (affirming sanctions for failure to comply with discovery obligations, noting the need for efficient litigation and disclosure).

Accordingly, Plaintiffs are requesting that this Court set a pre-motion Discovery Conference to move to compel Reilly's discovery responses and to hold any objections waived. *See Star Fabrics, Inc. v Gogo Apparel, Inc*., 2019 WL 3302610, at *1 (S.D.N.Y. 2019) (untimely objections are deemed to be waived.)

We appreciate the Court's time and consideration, and should Your Honor need any further information, we are available at the Court's convenience.

Respectfully Submitted,

ADELMAN MATZ P.C.

*John Werner*

John Werner, Esq.

Encls.

Cc:   Counsel of Record (via ECF)
      Kyle Reilly (via e-mail at kpreilly1985@gmail.com)

Plaintiffs' request for a discovery conference is GRANTED. A discovery conference shall be scheduled for **October 2, 2024** at 9:00am. Defendant Reilly shall file a response to this letter by **September 27, 2024** at 5:00pm.

Dated: September 23, 2024
       New York, New York

**SO ORDERED.**

*Jennifer Rochon*
**JENNIFER L. ROCHON**
**United States District Judge**